UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BR TANK, LLC

VERSUS

HOLCIM (US), INC.

CIVIL ACTION

NO. 09-979-JJB

## **RULING**

This matter is before the Court on motions for summary judgment filed by defendant Holcim (US), Inc. ("Holcim") and plaintiff BR Tank, LLC ("BR Tank"). Defendant has filed a motion for partial summary judgment (doc. 36). Plaintiff has filed an opposition (doc. 40), and defendant has filed a reply (doc. 42). Plaintiff has also filed a motion for summary judgment (doc. 38), and defendant has filed an opposition (doc. 41). There is no need for oral argument.

Plaintiff's underlying suit seeks a declaratory judgment that the lease between plaintiff and defendant was renewed for an additional ten year term commencing on July 5, 2009. In defendant's present motion for partial summary judgment, defendant requests that this court declare that the lease between plaintiff and defendant expired on July 4, 2009.

Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial rests on the non-movant, the movant need only

1

demonstrate that the record lacks sufficient evidentiary support for the non-movant's case. *See id.* The movant may do so by showing that the evidence is insufficient to prove the existence of one or more elements essential to the non-movant's case. *Id.*

Although the Court considers any disputed or unsettled facts in the light most favorable to the non-movant, the non-movant may not rest merely on allegations set forth in the pleadings. Instead, the non-movant must show that there is a genuine issue for trial by presenting evidence of specific facts. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy a non-movant's burden. *See Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996). If, once a non-movant has been given the opportunity to raise a genuine factual issue, no reasonable juror could find for the non-movant, summary judgment will be granted. *See Celotex,* 477 U.S. at 322; see also Fed. R. Civ. P. 56(c).

The material facts underlying defendant's motion for summary judgment are not in dispute. Holcim leased a Baton Rouge terminal facility to Kinder Morgan Marine Terminals, Inc., pursuant to a lease agreement dated November 10, 1993. The original term of the lease was extended until July 4, 2009, subject to a right to renew for ten years upon written notice to Holcim not less than 180 days prior to July 4, 2009. On February 1, 2007, Holcim, Kinder Morgan, and BR Tank entered into an assignment and assumption agreement. Neither BR Tank

nor Kinder Morgan provided Holcim with written notice of extension of the lease prior to 180 days before July 4, 2009. On January 23, 2009, Holcim formally notified Kinder Morgan and BR Tank that the lease would terminate on July 4, 2009, the contractual expiration date of the lease.

Holcim requests summary judgment regarding the expiration of the lease on July 4, 2009. Holcim correctly asserts that plaintiff bears the burden to prove that the lease option was extended beyond its termination date. *New Hotel Monteleone, Inc. v. Depp's Bull Corner, Inc.*, 598 So.2d 721, 724 (La. App. 4th Cir. 1992), citing *Governor Claiborne Apartments, Inc. v. Attaldo*, 235 So.2d 574 (La. 1970). In opposition to defendant Holcim's motion, BR Tank cites a letter dated February 26, 2009 and contends that plaintiff at all times intended for the lease to be extended. Plaintiff also argues that, throughout the assignment and assumption negotiations, "Plaintiff made sure that Defendant knew that Plaintiff would extend the lease terms at all times" (doc. 40). However, plaintiff has produced no documentation to indicate that the lease was validly extended, i.e. that written notice of renewal was provided pursuant to the lease terms. The February 26, 2009 letter is the only document that could serve as written notice of renewal; however, the letter was not transmitted 180 days prior to July 4, 2009 and thus does not comport with the agreement between the parties and does not serve to extend the lease.

Plaintiff also puts forth three alternative bases for renewal: cure, waiver, and judicial control. Plaintiff cites other language in the lease for the proposition

3

that plaintiff can and has cured any defects in its lease renewal. However, the language cited does not support plaintiff's position. The cited language deals with the cure of a default under the lease and does not apply to renewals or extensions of the term of the lease. Defendant correctly asserts in opposition that Holcim did not "cancel" the lease—there was no breach or default that terminated the lease early. Plaintiff further contends that defendant waived the notice provisions of the lease by failing to give plaintiff adequate notice of its intent to use the leased premises. However, both plaintiff's and defendant's own exhibits indicate that no waiver occurred. In support of its invocation of judicial control doctrine, plaintiff cites case law stating that Louisiana does not favor the cancellation of leases and that, through judicial control, a court may deny cancellation of a lease under certain circumstances. Our ruling has already addressed that the lease was not cancelled, rather expired under its own term. This court therefore declines to exercise judicial control to find the lease extended.

In plaintiff's motion for summary judgment, plaintiff BR Tank seeks dismissal of defendant Holcim's counterclaim. In its counterclaim, Holcim asserts that plaintiff failed to maintain, preserve and protect the premises and equipment, failed to quit and return the premises, and engaged in abuse of process. For the first two allegations—failure to maintain, preserve, and protect and failure to quit and return—the purported basis for summary judgment is that BR Tank lacks sufficient information because Holcim failed to make the requisite initial

4

disclosures. However, Holcim's opposition claims that Holcim has provided plaintiff with discovery and initial disclosures. Plaintiff also submits an affidavit purporting to establish that plaintiff removed the barge that defendant claims constituted failure to quit and return premises. In opposition, defendant submits an affidavit purporting to establish that plaintiff indeed left its loading barge on the premises after expiration of the lease. At present, the court finds that a genuine issue of material fact exists regarding whether plaintiff failed to quit and return the premises and whether plaintiff failed to maintain, preserve, and protect the premises and equipment.

Plaintiff's motion also seeks summary judgment dismissing the abuse of process allegations contained in defendant's counterclaim. To prevail on a claim for abuse of process, plaintiff argues that defendant must establish both an ulterior motive and an irregularity in the proceedings. *Mini-Togs, Inc. v. Young*, 354 So.2d 1389 (La. App. 2d Cir. 1978). In opposition, defendant simply asserts that plaintiff's underlying suit was pursued "without any legal, factual, or contractual basis." The court finds that plaintiff has successfully established that, as a matter of law, plaintiff has not engaged in abuse of process by filing its request for declaratory judgment.

Accordingly, defendant Holcim's motion for partial summary judgment (doc. 36) is hereby GRANTED, as this court finds that the lease between plaintiff and defendant expired on July 4, 2009. Plaintiff BR Tank's motion for summary

judgment is GRANTED as to defendant's abuse of process counterclaim and DENIED in all other respects.

Signed in Baton Rouge, Louisiana, on January 7, 2011.

**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**