UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BR TANK, LLC

VERSUS

HOLCIM (US), INC.

CIVIL ACTION

NO. 09-979-JJB

MEMORANDUM OPINION

A bench trial was held in this matter on May 17, 2011. As directed by the court, the parties filed post-trial memoranda (docs. 64, 65, 68) addressing the availability of attorneys' fees under the lease between the parties.

Holcim (US) Inc. ("Holcim") leased a Baton Rouge terminal facility to Kinder Morgan Marine Terminals, Inc., pursuant to a lease agreement dated November 10, 1993. The original term of the lease was extended until July 4, 2009, subject to a right to renew for ten years upon written notice to Holcim not less than 180 days prior to July 4, 2009. On February 1, 2007, Holcim, Kinder Morgan, and BR Tank entered into an assignment and assumption agreement. Neither BR Tank nor Kinder Morgan provided Holcim with written notice of extension of the lease prior to 180 days before July 4, 2009. On January 23, 2009, Holcim formally notified Kinder Morgan and BR Tank that the lease would terminate on July 4, 2009, the contractual expiration date of the lease.

Plaintiff BR Tank filed suit in this matter requesting a declaratory judgment that the lease between plaintiff and defendant was renewed for an additional ten year term commencing on July 5, 2009. The court granted summary judgment in

1

favor of Holcim, finding that the lease expired on July 4, 2009 (doc. 45). The ruling also dismissed Holcim's abuse of process counterclaim. The remaining issues before the court include Holcim's claim for attorneys' fees and costs and Holcim's counterclaim that BR Tank breached the lease by failing to quit and return the premises and failing to maintain, preserve, and protect the premises and equipment.

Holcim argues that BR Tank never notified Holcim that BR Tank had vacated the premises. BR Tank responds that it was not required to do so under the lease and that BR Tank did in fact quit and return the premises upon expiration of the lease. Holcim put on no evidence that BR Tank actually failed to quit and return the premises, and Holcim points to no provision of the lease requiring BR Tank to notify Holcim that it has vacated the premises upon termination of the lease. As such, the court finds that Holcim has not proven that BR Tank failed to quit and return the premises. Holcim is therefore not entitled to recover any rental payments for the period after the lease terminated.

Holcim also claims that BR Tank failed to maintain, preserve, and protect the premises and equipment. In this regard, Holcim has established that BR Tank breached its obligation under the lease by failing to construct a new protective berm or relocate the pump house. *See* Assignment and Assumption Agreement, Article 2, subsection (c) (doc. 36-3, p.17). However, the court finds

that Holcim has failed to prove that it suffered any damages,[1] beyond mere speculation, which were caused by BR Tank's failure to construct a new berm or relocate the pump house. Holcim also contends, and BR Tank does not dispute, that BR Tank failed to remove the dock barge immediately upon termination of the lease. BR Tank asserts that it understood that the dock barge could remain because the barge was attached to the dolphins and catwalk which it claims Holcim acknowledged as being acceptable to remain. BR Tank also maintains that the lease does not provide a specific timeline for removal of the dock barge as it does for other items and that its removal of the dock barge was timely. Indeed BR Tank removed the dock barge, at its sole expense, shortly after being contacted by Holcim about the need for removal. Regardless of whether BR Tank's actions in failing to remove the dock barge until September of 2009, rather than by July 4, 2009, constitute a breach of the lease, the court finds Holcim has proven no damages associated with this purported breach.

Holcim also contends it is entitled to recover attorneys' fees and court costs pursuant to Section VI.2 of the lease. Holcim correctly asserts that the lease agreement and the assignment and assumption agreement are governed by Louisiana law, based on the express terms of both agreements. Louisiana law does not allow the recovery of attorneys' fees except when authorized by contract or statute. *State v. Williamson*, 597 So.2d 439 (La. 1992). Under

---

[1] The statement that Holcim has proven no "damages" associated with a breach does not constitute an assessment of the applicability of attorneys' fees and court costs.

Louisiana law, the lease constitutes the law between the parties and is interpreted and enforced in accordance with general principles of Louisiana contract law. *Good v. Saia*, 9 So.3d 1070, 1073-74 (La. App. 4 Cir. 2009).

Article VI, §2 of the lease agreement provides:

> Lessor and Lessee shall each indemnify, defend, and hold the other . . . harmless from and against any and all claims, suits, actions, causes of action, expenses, including court costs and reasonable attorneys' fees, and all claims of whatever character which may be brought to or made against either party, as the result of the other's performance or non-performance hereunder, including, but not limited to, any or all acts or omissions . . . for any injuries, damages, or expenses incurred or sustained, or alleged by either party or any third party . . . . However, in the event any such claim, suit, action, cause of action, expense and/or attorneys' fee is determined to be due to the sole or contributing fault of the party seeking to enforce this paragraph, the other party's responsibility shall be reduced in whole or in part, by the extent to which the claim, suit, action, etc., is attributable to such contributing negligence.

BR Tank claims that this language constitutes only a third party indemnification provision and that it does not apply to the present action. However the plain language of Section VI.2 makes clear that the provision applies to "all claims of whatever character which may be brought to or made against either party . . . alleged by either party or any third party." The court agrees with Holcim and finds that Holcim is entitled to recover reasonable attorneys' fees and court costs associated with this suit, pursuant to the agreement between the parties.

Holcim has twenty-one days from issuance of this ruling to submit a motion and accompanying documentation demonstrating the precise amount of

attorneys' fees and court costs requested.  BR Tank shall have twenty days from the filing of Holcim's motion for attorneys' fees and costs to file any opposition to the motion.

Judgment will be rendered accordingly.

Signed in Baton Rouge, Louisiana, on July 13, 2011.

					**JUDGE JAMES J. BRADY**
					**UNITED STATES DISTRICT COURT**
					**MIDDLE DISTRICT OF LOUISIANA**