UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BR TANK, LLC

VERSUS

HOLCIM (US), INC.

CIVIL ACTION

NO. 09-979-JJB

## RULING

A bench trial was held in this matter on May 17, 2011. In a subsequent Memorandum Opinion (doc. 69), the Court found Defendant Holcim was entitled to reasonable attorneys' fees and court costs under the lease. The parties filed briefs regarding the proper amount of those fees and costs.

Holcim filed a motion to set fees and costs at $53,311.28. (Doc. 70). BR Tank replied, asking the Court to reconsider its award of fees and costs to Holcim. Alternately, BR Tank urges Holcim is not entitled to attorneys' fees for its counterclaim against BR Tank. As for the amount in Holcim's motion, BR Tank claims it is too much: first, it includes more than attorneys' fees and costs and thus should be $47,816.85; second, there are some improper charges. Holcim, in their response (doc. 74), allows only that $520 was mistakenly charged to this case file and lowers the amount requested to $52,791.28.

The Court sees no reason to reconsider its decision to award attorneys' fees and costs to Holcim. As the suit for Declaratory Judgment was a legal proceeding filed by BR Tank against Holcim, it clearly fits within the language of Article VI, §2 of the lease agreement, in which the parties agree to indemnify

1

each other against "any and all claims, suits, actions, causes of action . . ." BR Tank's request for reconsideration is denied.

As for the amount of fees, BR Tank urges first that Holcim's recovery should be limited to the period involving the Declaratory Judgment and should not include Holcim's counterclaim. Holcim counters with two arguments: first, they say the Declaratory Judgment is still alive in that BR Tank has not dismissed its claim and may yet appeal. Further, Holcim argues they were forced to bring their compulsory counterclaim to recover any potential losses, including lost rent because it could not re-lease the property during the pendency of the suit. The Court finds no reason to segregate the fees and expenses of the Declaratory Judgment and the counterclaims: the lease does not envision such division and the compulsory nature of Holcim's claim gave it no choice but to bring it. Therefore, the fees and costs will cover the entirety of the suit.

BR Tank argues that the fees and costs should include only actual attorneys' fees and court costs. Again, the language of the lease contradicts this argument: "any and all . . . expenses, *including* court costs and reasonable attorneys' fees . . . " (emphasis added). This wording clearly indicates that other expenses beyond court costs and reasonable attorneys' fees would be indemnified. Thus, the other expenses included in Holcim's motion will be included.

The Court grants Holcim's motion to set Attorneys' Fees and Costs in the amount of $52,791.28.

Council for the parties shall jointly submit a proposed Judgment consistent herewith within five (5) days of the issuance of this ruling.

Signed in Baton Rouge, Louisiana, on this 7th day of September, 2011.

**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**